UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH LOBELL ET AL.**                       **CIVIL ACTION**

**VERSUS**                       **No. 13-00089**

**CHAD DENTON ET AL.**                       **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] to remand and for attorney's fees and costs filed on behalf of plaintiffs, Kenneth Lobell and Capital Lodging, LLC. Defendants, Chad Denton, Capital Transport, LLC, and Capital Oil Field Services, LLC, have filed an opposition.[2] For the following reasons, plaintiffs' motion is **DENIED**.

### *BACKGROUND*

On December 4, 2012, plaintiffs, Kenneth Lobell ("Lobell") and Capital Lodging, LLC ("Capital Lodging"), commenced this lawsuit in the 34th Judicial District Court for the Parish of St. Bernard.[3] According to the complaint, defendants, Chad Denton ("Denton"), Capital Transport, LLC ("Capital Transport"), and Capital Oil Field Services, LLC ("Capital Oil Field Services"), filed a lawsuit in Texas state court alleging that they were partners with plaintiffs and/or had an ownership interest in Capital Lodging, which operates the largest man camp in North Dakota.[4] Plaintiffs claim, however, that they have "invested over 35 million dollars in the

---

[1] R. Doc. No. 6.

[2] R. Doc. No. 7.

[3] *See* R. Doc. No. 1-3.

[4] *Id*. at ¶ 6.

man camp, and none of it came from the defendants."[5] Plaintiffs seek a declaratory judgment that "no such relationship existed with any of the defendants" and a finding that "defendants claim [sic] are fraudulent, made in bad faith, are without any documentation and wholly false and without merit."[6] More specifically, plaintiffs request a declaratory judgment that:

> 1. The membership interest in the limited liability company located in Louisiana, Capital Lodge, LLC, [sic] is the sole property of Kenneth Lobell exclusive to the claims of any of the defendants.
>
> 2. That neither Kenneth Lobell or Capital Lodge, LLC [sic] had any partnership agreement with any of the defendants with regard to the operation or ownership of the man camp located in North Dakota which is the subject of this lawsuit.[7]

In their complaint, plaintiffs allege that Lobell is a resident of Orleans Parish, Louisiana, and that Capital Lodging is a Louisiana limited liability company with its principle place of business in Orleans Parish, Louisiana.[8] Plaintiffs allege that Denton is a resident of Texas who maintains a residence in St. Bernard Parish, Louisiana; that Capital Transport is a Louisiana limited liability company with its principal place of business in St. Bernard Parish, Louisiana; and that Capital Oil Field Services is a Texas limited liability company whose sole member and manager, Denton, maintains a residence in St. Bernard Parish, Louisiana.[9]

Defendants removed the case to this Court claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.[10] Defendants allege that complete diversity exists among the parties because

---

[5] *Id.*

[6] *Id.*

[7] *Id* at p. 4.

[8] *Id.* at p. 2.

[9] *Id.* at ¶¶ 2-4.

[10] R. Doc. No. 1.

plaintiffs are citizens of Louisiana and defendants are citizens of Texas.[11] Notwithstanding the allegations in the complaint, defendants contend that Denton, the sole managing member of Capital Transport and Capital Oil Field Services, is a citizen of Texas and, as such, all defendants are citizens of Texas.[12] Defendants also allege that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.[13]

Plaintiffs filed the present motion to remand the case to state court on the grounds that complete diversity is lacking and the amount in controversy is less than $75,000.[14] Plaintiffs contend that defendants made false representations concerning their citizenship in their corporate disclosure statement and notice of removal.[15] Plaintiffs also contend that defendants attempted to mislead the Court with respect to the amount in controversy because plaintiffs seek only a declaratory judgment in this lawsuit.[16] Plaintiffs argue that the representations by defendants are a "deliberate attempt to mislead the court" and they "urge that the Court take the same view."[17]

Defendants respond that the case was properly removed. Defendants also request in their opposition that the matter be stayed under the "first-to-file" rule or under the Louisiana doctrine of *Lis Pendens* on the ground that it is duplicative of the pending state court litigation.

### STANDARD OF LAW

---

[11] *Id.* at ¶ 2.

[12] *See id.* at ¶¶ 3, 4.

[13] *Id.* at ¶ 2.

[14] R. Doc. No. 6.

[15] *Id.* at ¶ 3.

[16] *Id.* at ¶¶ 4-5.

[17] R. Doc. No. 6-2, at p.3.

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## *DISCUSSION*

Federal courts have subject matter jurisdiction over cases involving citizens of different states when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Diversity of citizenship exists only when none of the defendants is a citizen of the same state as any of the plaintiffs. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Other sections of this court have noted the variety of factors indicating a party's ties to a purported domicile. *See Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (E.D. La. 1984) (Feldman, J.); *Steece v. Sea*

4

*Coast Echo*, No. 91-446, 1992 WL 31842 (E.D. La. Feb. 11, 1992) (McNamara, J.), *aff'd* 977 F.2d 577 (5th Cir. 1992). These factors include:

> current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others.

*Knapp*, 584 F. Supp at 907 (citing Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3612). A litigant's statement of intent, although relevant, is accorded little weight if it conflicts with the objective facts. *Freeman*, 754 F.2d at 556. The court should look to all evidence shedding light on the litigant's intention to establish domicile. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

According to plaintiffs' complaint, Denton is "a resident of the state of Texas [sic] who maintains a residence in St. Bernard Parish, State of Louisiana."[18] Despite this ambiguous allegation, however, Denton has come forward with a sworn affidavit confirming that he is a citizen of Texas.[19] Denton attests that he has been living at the same address in Texas since August 3, 2001, he is registered to vote in Texas, he pays property taxes in Texas, he pays income taxes in Texas, his bank accounts are in Texas, he attends church in Texas and, with the exception of a temporary period from 1995 to 1998, he has always intended to keep Texas as his domicile.[20] Denton further attests that he does not own real property, pay taxes, vote, hold bank accounts, or attend church in Louisiana.[21] Denton attests that the residence referred to in the

---

[18] R. Doc. No. 1-3, at ¶ 2.

[19] *See* R. Doc. No. 7-1.

[20] *See id.*

[21] *See id.*

5

complaint was merely a rental house used by Capital Transport while doing business in Louisiana, but that it was never intended to establish that location as his domicile.[22]

Plaintiffs nevertheless contend that defendants made false representations concerning their citizenship in a deliberate attempt to mislead the Court. The only evidence plaintiffs have to support this bold allegation is internet printouts that appear to be the annual reports of Capital Transport and other business entities in which Denton has allegedly participated. However, the annual reports of the limited liability companies do not show that Denton is a Louisiana citizen, and the citizenship of Capital Transport and Capital Oil Field Services is determined based on the citizenship of their members rather than the state in which they are organized. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Because Denton is both a citizen of Texas and the sole member of Capital Transport and Capital Oil Field Services, defendants have clearly carried their burden of showing that Denton, Capital Transport, and Capital Oil Field are citizens of Texas and, therefore, that they are diverse from all of the plaintiffs.

As for the amount in controversy requirement, the Fifth Circuit applies different standards of proof depending upon whether a specific dollar amount is alleged in the complaint. "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). In such a case, "[i]n order for a court to refuse jurisdiction 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *See Allen*, 63 F.3d at 1335 (alteration in original).

---

[22] *See id.*

6

Where, as here, plaintiffs have not alleged a specific amount of damages, defendants must prove by a preponderance of the evidence that plaintiffs' claims exceed the statutory requirement either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (applying the "facially apparent" standard in the context of a declaratory judgment action). "Where the 'facially apparent' test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal." *Davis v. State Farm Fire & Cas. Co.*, No. 06-560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006) (Vance, J.) (citing *Allen*, 63 F.3d at 1336).

If the defendant meets its burden, then "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). This is known as the "legal certainty test." *Id.* It is "not a burden-shifting exercise." *Id.* at 1412. The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that state law prevents recovery in excess of $75,000 or that the plaintiffs are somehow bound irrevocably to an amount under the federal jurisdiction limit. *Id.*

Plaintiffs contend that defendants attempted to mislead the Court with respect to the amount in controversy because the only relief they have sought in this case is a declaratory judgment. However, the amount in controversy in actions seeking declaratory judgment or injunctive relief is the "the value of the right to be protected or the extent of the injury to be

7

prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The allegations in the complaint reveal that the value of the right to be protected and/or the extent of the injury to be prevented is the more than 35 million dollars that plaintiffs claim to have invested in Capital Lodging.[23] Accordingly, the amount in controversy requirement is satisfied because it is "'facially apparent' that the claims are likely above $75,000." *See Luckett*, 171 F.3d at 298.

Finally, defendants request that the matter be stayed under the "first-to-file" rule or under the Louisiana doctrine of *Lis Pendens* on the ground that it is duplicative of the pending state court litigation in Texas. Because this argument was not raised in a properly filed motion to stay, not adequately briefed by defendants, and not responded to by plaintiffs, the request must be denied. The Court will permit defendants to raise the issue in a motion that is properly filed in accordance with the Court's Local Rules and, if opposed, set for contradictory hearing. Accordingly,

**IT IS ORDERED** that the motion to remand and for attorney's fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' request to stay the case is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, March 15, 2013.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[23] *See* R. Doc. No. 1-3, at ¶ 6. Plaintiffs' reference to the decision of the U.S. District Court for the District of North Dakota does not establish that the amount in controversy in the present matter is zero dollars.